FILED
CLERK, U.S. DISTRICT COURT

MAY - 2 2013

CENTRAL DISTRICT OF CALIFORNIA
BY                                  DEPUTY

1  Beth E. Terrell, CSB #178181
2  Email: bterrell@tmdwlaw.com
   Michael D. Daudt, CSB #161575
3  Email: mdaudt@tmdwlaw.com
4  TERRELL MARSHALL DAUDT & WILLIE PLLC
   936 North 34th Street, Suite 400
5  Seattle, Washington 98103-8869
6  Telephone: (206) 816-6603
   Facsimile: (206) 350-3528
7
8  [Additional counsel appearing on signature page]
9  *Attorneys for Plaintiffs*

10              UNITED STATES DISTRICT COURT
                CENTRAL DISTRICT OF CALIFORNIA
11                    WESTERN DIVISION

12  STEVEN HEIBERGER; CHARLES
    JOHNSON; and MARK MAURER,
13  individually and on behalf of all others          NO. CV-13-02943-GHK-MANx
    similarly situated,
14
                                                       **FIRST AMENDED CLASS**
15                      Plaintiff,                      **ACTION COMPLAINT FOR**
                                                       **DAMAGES AND INJUNCTIVE**
16          v.                                         **RELIEF**
17
    CARIOLA GROUP LLC, a Florida                       **DEMAND FOR JURY TRIAL**
18  limited liability company; CARIOLA
19  CONSULTING LLC, a Florida limited
    liability company; CORPORATE
20  AMERICAN SOLUTIONS, LLC, a
    Florida limited liability company; CAS
21  GROUP INTERNATIONAL CORP, a
22  Florida corporation; CAS TELECOM,
    CORP., a Florida corporation; LUIS
23  CARIOLA, individually; and
    MARIANO CARIOLA, individually,
24
25                      Defendants.
26

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DAMAGES AND INJUNCTIVE RELIEF - 1

Plaintiffs Steven Heiberger ("Plaintiff Heiberger"), Charles Johnson ("Plaintiff Johnson"), and Mark Maurer ("Plaintiff Maurer"), by their undersigned attorneys, for this class action complaint against Defendants Cariola Group LLC, Cariola Consulting LLC, Corporate American Solutions, LLC, CAS Group International Corp, CAS Telecom, Corp., Luis Cariola and Mariano Cariola, and their present, former or future direct and indirect parent companies, subsidiaries, affiliates, agents, and/or other related entities (collectively "Defendants"), allege as follows:

## I. INTRODUCTION

1.1     Nature of Action.  Plaintiff Heiberger, Plaintiff Johnson and Plaintiff Maurer, individually and as class representatives for all similarly situated persons in the United States who have received automated telephone calls and calls using artificial or prerecorded voices to their cellular telephones made by or on behalf of Defendants and marketing Defendants' products, bring this action against Defendants for violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227 et seq. ("TCPA").

## II. JURISDICTION AND VENUE

2.1     Subject Matter Jurisdiction.  This Court has subject matter jurisdiction over Plaintiff's TCPA claims pursuant to 28 U.S.C. § 1331 because Plaintiffs' TCPA claims arise under the laws of the United States, specifically 47 U.S.C. § 227.

2.2     Personal Jurisdiction.  This Court has personal jurisdiction over Defendants because they do business in California and many of the wrongful acts alleged in this Complaint were committed in California.

2.3     Venue.  Venue is proper in this District pursuant to 28 U.S.C. § 1391(b)(1), in that one or more of the Defendants do sufficient business in this

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DAMAGES AND INJUNCTIVE RELIEF - 2

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1   District to subject them to personal jurisdiction herein pursuant to 28 U.S.C. §

2   1391(c)(2).

3                              **III. PARTIES**

4        3.1      Plaintiff Steven Heiberger.  Plaintiff Heiberger is a citizen of

5   California, with his domicile in Ventura, California.

6        3.2      Plaintiff Charles Johnson.  Plaintiff Johnson is a citizen of Texas,

7   with his domicile in Grand Prairie, Texas.

8        3.3.     Plaintiff Mark Maurer.  Plaintiff Maurer is a citizen of New York,

9   with his domicile in Copiague, New York.

10       3.4      Defendant Cariola Group LLC.  Defendant Cariola Group LLC

11  ("Cariola Group") is a Florida limited liability company with its principal office

12  in Miami, Florida.

13       3.5      Defendant Cariola Consulting LLC.  Defendant Cariola Consulting

14  ("Cariola Consulting") is a Florida limited liability company with its principal

15  office in Miami, Florida.

16       3.6      Defendant Corporate American Solutions, LLC. Defendant

17  Corporate American Solutions, LLC ("CAS") is a Florida limited liability

18  company with its principal office in Miami, Florida. On or about December 30,

19  2010, Defendant Luis Cariola caused to be filed with the Florida Secretary of

20  State a "Certificate of Conversion For Corporate American Solutions Corp. Into

21  Corporate American Solutions, LLC," by which Corporate American Solutions

22  Corp., a Florida corporation, was converted into CAS. CAS continues to do

23  business under the name "Corporate American Solutions Corp.," as well as "CAS

24  Corp. International," as reflected in its website: http://www.cascorporate.com.

25

26

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DAMAGES AND INJUNCTIVE RELIEF - 3

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1    3.7    Defendant CAS Group International Corp. Defendant CAS Group

2  International Corp ("CAS Group") is a Florida corporation with its principal

3  office in Miami, Florida.

4    3.8    Defendant CAS Telecom, Corp. Defendant CAS Telecom, Corp.

5  ("CAS Telecom") is a Florida corporation with its principal office in Miami,

6  Florida.

7    3.9    Defendant Luis Cariola. Defendant Luis Cariola is an individual

8  resident of the State of Florida. Luis Cariola is a Managing Member of Cariola

9  Group, Managing Member and CEO of CAS, Vice President of CAS Group, and

10  Director and President of CAS Telecom.

11    3.10    Defendant Mariano Cariola. Defendant Mariano Cariola is an

12  individual resident of the State of Florida. Mariano Cariola is a Managing

13  Member of Cariola Group, and is identified as "President" of "Cariola Group" on

14  its website.  Mariano Cariola is also a Managing Member of Cariola Consulting, a

15  Member of CAS, the President of CAS Group, and Director of CAS Telecom.

16    3.11    Alter Ego and Acting in Concert.  On information and belief,

17  Defendants Cariola Group, Cariola Consulting, CAS, CAS Group, CAS Telecom,

18  Luis Cariola and Mariano Cariola are alter egos of each other, and a unity of

19  interest and ownership exists between the Defendants such that any separateness

20  has ceased to exist, there is a commingling of property rights or interests such that

21  Defendants function as one, and Defendants have acted in concert in doing the

22  things alleged herein. In addition, upon information and belief, the conduct that

23  gives rise to the claims for relief alleged herein was committed by, or on behalf

24  of, each Defendant and harmed Plaintiffs and the proposed Class.  Therefore, to

25  avoid an unjustified loss to Plaintiffs and the Class, or to avoid oppression, fraud,

26

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1   and inequity, recognition of Defendants' separate corporate status should be

2   disregarded.

3       3.12   Personal Participation, Direction and/or Authorization. On

4   information and belief, Defendants Luis Cariola and Mariano Cariola directly and

5   personally participated in, directed and/or authorized the conduct constituting the

6   statutory violations alleged herein.  On information and belief, Defendants Luis

7   Cariola and Mariano Cariola established and/or approved Defendants' policies

8   and practices, oversaw operations and were directly involved in the business

9   practices that violated the TCPA. Defendant CAS's website, at

10  http://www.cascorporate.com/eng/faqs.php, emphasizes the personal participation

11  of Luis Cariola and Mariano Cariola in Defendants' telemarketing activities:

12          Dr. Luis Cariola with his son Mariano began Cariola
            Group's operations in Florida over 15 years ago with
13          experience in the United States market in the areas of
            exports, financing, *and particularly telemarketing*.
14          Corporate headquarters are located in Miami, FL, and
            because of distinct and complementary strategic
15          alliances, the Group has developed business activities in
            Argentina, Chile, and other countries.
16
            Initially, given the market conditions, there was a
17          tendency for orientation to real estate, exports, and the
            financing of capital goods. *Then a call center operation
18          was initiated which today has more than 150 operator
            stations* in different locations through which the
19          company markets its own nutritional products in the
            United States mainland and Puerto Rico.
20
            Bilingual (English and Spanish) call center services are
21          provided to other companies in the Group. *Under the
            direction of Luis and Mariano Cariola*, the group of
22          companies provides the best and most efficient service
            to its customers with excellent results.
23
            The Cariola Group Call Center continues to grow and
24          reach superior levels of excellence in all phases of the
            sales cycle including post-sales follow-up; this is a
25          result of the high level of training of all call center
            operators.
26  (Emphasis added.)

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

## IV. THE TELEPHONE CONSUMER PROTECTION ACT OF 1991, 47 U.S.C. § 227

4.1    In 1991, Congress enacted the Telephone Consumer Protection Act, 47 U.S.C. § 227 ("TCPA") in response to a growing number of consumer complaints regarding certain telemarketing practices.

4.2    The TCPA makes it unlawful "to make any call (other than a call made for emergency purposes or made with the prior express consent of the called party) using an automatic telephone dialing system or an artificial or prerecorded voice. . . to any telephone number assigned to a . . . cellular telephone service." *See* 47 U.S.C. § 227(b)(1)(A). The TCPA provides a private cause of action to persons who receive calls in violation of 47 U.S.C. § 227(b)(1)(A). *See* 47 U.S.C. § 227(b)(3).

4.3    The TCPA also prohibits telemarketing calls to persons who list their telephone numbers on the National Do-Not-Call Registry. *See* 47 U.S.C. § 227(c)(5); 47 C.F.R. § 64.1200(c)(2). A person whose telephone number is on the National Do-Not-Call Registry, and who has received more than one telephone call within any 12-month period by or on behalf of the same entity can seek statutory damages, which may be trebled if the violation is knowing and/or willful. *See* 47 U.S.C. § 227(c)(5).

4.4    The Federal Communications Commission ("FCC"), which is the agency charged with interpreting and enforcing the TCPA, has promulgated regulations under the TCPA at 47 CFR § 64.1200(d) that make it unlawful "to initiate any call for telemarketing purposes to a residential telephone subscriber unless such person or entity has instituted procedures for maintaining a list of persons who request not to receive telemarketing calls made by or on behalf of that person or entity." Under 47 CFR § 64.1200(d)(6), such "do-not-call" requests must be honored for 5 years.  A person who has received more than one telephone

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdlaw.com

1  call in violation of 47 CFR § 64.1200(d) within any 12 month period can seek

2  statutory damages, which may be trebled if the violation is knowing and/or

3  willful.  *See* 47 U.S.C. § 227(c)(5).

4      4.5    FCC-promulgated regulations "generally establish that the party on

5  whose behalf a solicitation is made bears ultimate responsibility for any

6  violations." *See* Rules and Regulations Implementing the Telephone Consumer

7  Protection Act of 1991, Memorandum and Order, 10 FCC Rcd. 12391, 12397

8  ¶ 13 (1995).

9      4.6    The FCC confirmed this principle in 2005, when it explained that "a

10  company on whose behalf a telephone solicitation is made bears the responsibility

11  for violation of our telemarketing rules and calls placed by a third party on behalf

12  of that company are treated as if the company itself placed the call." *See* Rules

13  and Regulations Implementing the Telephone Consumer Protection Act of 1991,

14  Request of State Farm Mutual Automobile Insurance Company for Clarification

15  and Declaratory Ruling, 20 FCC Rcd. 13664, 13667 ¶ 7 (2005).

16
17                    **V.  FACTUAL ALLEGATIONS**

18      5.1    Defendants are in the business of manufacturing and home delivery

19  of various dietary supplements. Defendants specialize is marketing to Spanish

20  speakers. Defendants' call center operators communicate in Spanish and

21  Defendants' artificial or prerecorded voice messages are delivered in Spanish.

22      5.2    Defendants engage in telemarketing from their call center using an

23  automatic telephone dialing system to contact potential customers who have not

24  consented to receive telephone calls on their cellular telephones. Defendants use

25  products and software from inConcert and 24Seven Cloud Communications,

26  which have the capacity to store or produce telephone numbers to be called and

    include auto-dialers and predictive dialers. Defendants use such equipment to call

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1    thousands of individuals per day in the United States. Defendants have posted a

2    promotional video on YouTube at www.youtube.com/watch?v=kDtr9W6ARi8

3    touting the capabilities of their automatic telephone dialing system: "Y a sí

4    mismo, nuestro sistema de 'dialer' nos permite contactar a cientos de miles de

5    personas . . .", which translates into English as "Our 'dialer' system itself allows

6    us to contact hundreds of thousands of people . . . ." Defendants also make calls

7    using an artificial or prerecorded voice to cellular telephones whose owners have

8    not consented to receive such calls.

9         5.3    On Defendant CAS's website, www.cascorporate.com/eng/faqs.php,

10   it admits that Defendants make "direct contact from lists we acquire."

11        5.4    Plaintiff Heiberger began receiving automated calls from Defendants

12   on his cellular telephone beginning on February 7, 2012.  Plaintiff Heiberger

13   continued to receive numerous calls from Defendants thereafter. In February or

14   March 2012, Plaintiff Heiberger requested that Defendants stop calling him, to no

15   avail. Plaintiff Heiberger continued to receive automated calls from Defendants

16   after requesting that they stop calling, including on August 31, 2012, September

17   1, 2012, March 16, 2013, March 17, 2013, and March 20, 2013. On several

18   occasions, Plaintiff Heiberger told Defendants' operators "No Hablo Espanol," at

19   which point the operator would immediately terminate the call. Plaintiff

20   Heiberger did not provide prior consent, express or implied, to the receipt of any

21   of the telephone calls made by or on behalf of Defendants.

22        5.5    In November 2012, Plaintiff Johnson began receiving automated

23   calls on his cellular telephone initiated by or on behalf of Defendants. Plaintiff

24   Johnson requested that Defendants stop calling him in November 2012 and

25   thereafter.  Despite Plaintiff Johnson's repeated requests, Plaintiff Johnson

26   continued to receive automated calls daily from Defendants, including on

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DAMAGES AND INJUNCTIVE RELIEF - 8

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1   December 20, 2012, December 25, 2012, December 26, 2012, December 30,

2   2012, December 31, 2012, January 2, 2013, January 12, 2013, and February 13,

3   2013. Plaintiff Johnson continues to receive unwanted calls from Defendants

4   almost every day. Defendants' operators typically terminated the calls shortly

5   after determining that Plaintiff Johnson does not speak Spanish. On a number of

6   occasions, Plaintiff Johnson called back the phone number that called him and

7   requested that they take his phone number off of their list. Many times the

8   operators would request that he speak Spanish. Plaintiff Johnson does not speak

9   Spanish, but informed Defendants' operators in English that he wanted his phone

10   number removed from their call list. Defendants' operators would often hang up

11   on Plaintiff Johnson when he would ask to have his number removed from their

12   call list. Plaintiff Johnson also received calls on his cellular telephone from or on

13   behalf of Defendants using an artificial or prerecorded voice with a message in

14   Spanish. Plaintiff Johnson did not provide prior consent, express or implied, to

15   the receipt of any of the telephone calls made by or on behalf of Defendants.

16        5.6    Plaintiff Maurer started receiving phone calls on his home landline

17   from (800) 651-1917, a telephone number owned by Defendants, beginning in

18   February 2012, and continuing daily until March 2013. Plaintiff would often pick

19   up the phone and hear "dead air" or idle chatter on the line and would hang up.

20   Other times, a representative from Defendants would try to sell products to

21   Plaintiff Maurer. Plaintiff Maurer requested multiple times in February 2012, in

22   both English and Spanish, that Defendants stop calling. From February 2012

23   until March 2013, Defendants called Plaintiff Maurer *multiple times per day* and

24   at least one time per month Plaintiff Maurer would request that the operator who

25   was calling take his phone number off of Defendants' calling list, but to no avail.

26   The phone calls were so annoying to Plaintiff Maurer that he called back a few

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

times to request that Defendants stop calling him.  Many times the operator would inform Plaintiff Maurer that she would take him off of Defendants' calling list, but the calls continued multiple times per day for over one year.  On one occasion when Plaintiff Maurer called (800) 651-1917 to demand that Defendants take his phone number off of their list, the operator actually threatened Plaintiff Maurer that they would call him forever and did not care what Plaintiff Maurer said. Plaintiff Maurer's home landline number has been registered with the National Do-Not-Call Registry since June 10, 2011.

## VI. CLASS ACTION ALLEGATIONS

6.1    Class Definition: Pursuant to Federal Rule of Civil Procedure 23, Plaintiffs bring this case as a class action on behalf of three Classes of persons defined as follows:

> Class I: All persons in the United States who received a non-emergency call on their cellular telephones initiated through the use of an automatic telephone dialing system or an artificial or prerecorded voice by or on behalf of Defendants, without the recipient's prior express consent, at any time from April 25, 2009 to the date of trial.

> Class II: All persons in the United States who, more than 30 days after requesting not to receive further telemarketing calls, received more than one telemarketing call within any 12-month period by or on behalf of Defendants, at any time from April 25, 2009 to the date of trial.

> Class III: All persons in the United States who, after registering their telephone number with the National Do-Not-Call Registry, received more than one telephone solicitation call within any 12-month period by or on behalf of Defendants, at any time from April 25, 2009 to the date of trial.

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1    Excluded from the Classes are Defendants, any entity in which Defendants

2  have a controlling interest or that has a controlling interest in Defendants, and

3  Defendants' legal representatives, assignees, and successors.  Also excluded are

4  the judge to whom this case is assigned and any member of the judge's immediate

5  family.

6    6.2    Numerosity.  The Classes are so numerous that joinder of all

7  members is impracticable.  Upon information and belief, the Classes have more

8  than 1000 members.  Moreover, the disposition of the claims of the Classes in a

9  single action will provide substantial benefits to all parties and the Court.

10    6.3    Commonality.  There are numerous questions of law and fact

11  common to Plaintiffs and members of the Classes.  These common questions of

12  law and fact include, but are not limited to, the following:

13    a.    Whether Defendants and/or their affiliates, agents and/or other

14  persons or entities acting on Defendants' behalf negligently violated 47 U.S.C.

15  § 227(b)(1)(A);

16    b.    Whether Defendants and/or their affiliates, agents and/or other

17  persons or entities acting on Defendants' behalf knowingly and/or willfully

18  violated 47 U.S.C. § 227(b)(1)(A), thus entitling Plaintiffs and Class I to treble

19  damages;

20    c.    Whether Defendants and/or their affiliates, agents and/or other

21  persons or entities acting on Defendants' behalf violated 47 C.F.R. § 64.1200(d)

22  by, among other things, failing to maintain a record of do-not-call requests from

23  members of Class II and failing honor such do-not-call requests;

24    d.    Whether Defendants and/or their affiliates, agents and/or other

25  persons or entities acting on Defendants' behalf violated 47 C.F.R. § 64.1200(c)

26  by initiating telephone solicitation calls to members of Class III;

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DAMAGES AND INJUNCTIVE RELIEF - 11

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1        e.      Whether Defendants and/or their agents, affiliates, and/or

2   other persons or entities acting on Defendants' behalf should be enjoined from

3   violating the TCPA in the future.

4        6.4    Typicality.  Plaintiffs' claims are typical of the claims of the Classes.

5   Plaintiffs' claims, like the claims of the Classes, arise out of the same common

6   course of conduct by Defendants and are based on the same legal and remedial

7   theories.

8        6.5    Adequacy.  Plaintiffs will fairly and adequately protect the interests

9   of the Classes.  Plaintiffs have retained competent and capable attorneys who are

10  experienced trial lawyers with significant experience in complex and class action

11  litigation, including consumer class actions and TCPA class actions.  Plaintiffs

12  and their counsel are committed to prosecuting this action vigorously on behalf of

13  the Classes and have the financial resources to do so.  Neither Plaintiffs nor their

14  counsel have interests that are contrary to or that conflict with those of the

15  proposed Classes.

16       6.6    Predominance.  Defendants have engaged in a common course of

17  conduct toward Plaintiffs and members of the Classes.  The common issues

18  arising from this conduct that affect Plaintiffs and members of the Classes

19  predominate over any individual issues.  Adjudication of these common issues in

20  a single action has important and desirable advantages of judicial economy.

21       6.7    Superiority.  A class action is the superior method for the fair and

22  efficient adjudication of this controversy.  Classwide relief is essential to compel

23  Defendants to comply with the TCPA.  The interest of individual members of the

24  Classes in individually controlling the prosecution of separate claims against

25  Defendants is small because the statutory damages in an individual action for

26  violation of the TCPA are small.  Management of these claims is likely to present

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DAMAGES AND INJUNCTIVE RELIEF - 12

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.616.6603 • FAX 206.350.3528
www.tmdwlaw.com

1   significantly fewer difficulties than are presented in many class claims because

2   the calls at issue are all automated.  Class treatment is superior to multiple

3   individual suits or piecemeal litigation because it conserves judicial resources,

4   promotes consistency and efficiency of adjudication, provides a forum for small

5   claimants, and deters illegal activities.  There will be no significant difficulty in

6   the management of this case as a class action.

7       6.8   <u>Injunctive and Declaratory Relief Appropriate</u>.  Defendants have

8   acted on grounds generally applicable to the Classes, thereby making final

9   injunctive relief and corresponding declaratory relief with respect to the Classes

10  appropriate on a classwide basis.  Moreover, on information and belief, Plaintiffs

11  allege that the automated calls made by Defendants and/or their affiliates, agents

12  and/or other persons or entities acting on Defendants' behalf that are complained

13  of herein are substantially likely to continue in the future if an injunction is not

14  entered.

15  ## VII.  FIRST CLAIM FOR RELIEF

16  **(Negligent Violations of the Telephone Consumer Protection Act, 47 U.S. C.**
**§ 227(b)(1)(A) – Class I)**

17      7.1   Plaintiffs reallege and incorporate by reference each and every

18  allegation set forth in the preceding paragraphs.

19      7.2   The foregoing acts and omissions of Defendants and/or their

20  affiliates, agents and/or other persons or entities acting on Defendants' behalf

21  constitute numerous and multiple negligent violations of the TCPA, 47 U.S.C.

22  § 227(b)(1)(A).

23      7.3   As a result of Defendants' and/or their affiliates, agents and/or other

24  persons or entities acting on Defendants' behalf's negligent violations of the

25  TCPA, 47 U.S.C. § 227(b)(1)(A), Plaintiffs and members of Class I are entitled to

26

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DAMAGES AND INJUNCTIVE RELIEF - 13

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1    an award of $500 in statutory damages for each and every call in violation of the

2    statute, pursuant to 47 U.S.C. § 227(b)(3)(B).

3        7.4    Plaintiffs and members of Class I are also entitled to and do seek

4    injunctive relief prohibiting Defendants and/or their agents, affiliates, and/or other

5    persons or entities acting on Defendants' behalf from violating the TCPA, 47

6    U.S.C. § 227(b)(1)(A), in the future.

7
## VIII.  SECOND CLAIM FOR RELIEF
8
### (Knowing and/or Willful Violations of the Telephone Consumer Protection Act, 47 U.S.C. § 227(b)(1)(A) – Class I)
9

10       8.1    Plaintiffs reallege and incorporate by reference each and every

11   allegation set forth in the preceding paragraphs.

12       8.2    The foregoing acts and omissions of Defendants and/or their

13   affiliates, agents and/or other persons or entities acting on Defendants' behalf

14   constitute numerous and multiple knowing and/or willful violations of the TCPA,

15   47 U.S.C. § 227(b)(1)(A).

16       8.3    As a result of Defendants' and/or their affiliates, agents and/or other

17   persons or entities acting on Defendants' behalf's knowing and/or willful

18   violations of the TCPA, 47 U.S.C. § 227(b)(1)(A), Plaintiffs and members of

19   Class I are entitled to treble damages of up to $1,500 for each and every call in

20   violation of the statute, pursuant to 47 U.S.C. § 227(b)(3).

21       8.4    Plaintiffs and members of Class I are also entitled to and do seek

22   injunctive relief prohibiting Defendants and/or their agents, affiliates, and/or other

23   persons or entities acting on Defendants' behalf from violating the TCPA, 47

24   U.S.C. § 227(b)(1)(A), in the future.

25

26

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

## IX.  THIRD CLAIM FOR RELIEF
### (Negligent Violations of 47 CFR 64.1200(d) Do-Not-Call List – Class II)

9.1    Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

9.2    The foregoing acts and omissions of Defendants and/or their affiliates, agents and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple negligent violations of 47 CFR 64.1200(d), including failure to properly record no-not-call requests, failure to maintain a record of do-not-call requests, and failure to honor do-not call requests.

9.3    As a result of Defendants' and/or their affiliates, agents and/or other persons or entities acting on Defendants' behalf's negligent violations of 47 CFR 64.1200(d), Plaintiffs and members of Class II are entitled to an award of $500 in statutory damages for each and every call in violation of the regulation, pursuant to 47 U.S.C. § 227(c)(5)(B).

9.4    Plaintiffs and members of Class II are also entitled to and do seek injunctive relief prohibiting Defendants and/or their agents, affiliates, and/or other persons or entities acting on Defendants' behalf from violating 47 CFR 64.1200(d) in the future, pursuant to 47 U.S.C. § 227(c)(5)(A).

## X.  FOURTH CLAIM FOR RELIEF
### (Knowing and/or Willful Violations of 47 CFR 64.1200(d) Do-Not-Call List – Class II)

10.1   Plaintiffs reallege and incorporate by reference each and every allegation set forth in the preceding paragraphs.

10.2   The foregoing acts and omissions of Defendants and/or their affiliates, agents and/or other persons or entities acting on Defendants' behalf constitute numerous and multiple knowing and/or willful violations of 47 CFR

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1 | 64.1200(d), including failure to properly record no-not-call requests, failure to

2 | maintain a record of do-not-call requests, and failure to honor do-not call

3 | requests.

4 |      10.3   As a result of Defendants' and/or their affiliates, agents and/or other

5 | persons or entities acting on Defendants' behalf's knowing and/or willful

6 | violations of 47 CFR 64.1200(d), Plaintiffs and members of Class II are entitled

7 | to an award of treble damages of up to $1,500 for each and every call in violation

8 | of the regulation, pursuant to 47 U.S.C. § 227(c)(5).

9 |      10.4   Plaintiffs and members of Class II are also entitled to and do seek

10 | injunctive relief prohibiting Defendants and/or their agents, affiliates, and/or other

11 | persons or entities acting on Defendants' behalf from violating 47 CFR

12 | 64.1200(d) in the future, pursuant to 47 U.S.C. § 227(c)(5)(A).

13 |

14 | **XI.  FIFTH CLAIM FOR RELIEF**

     **(Negligent Violations of 47 CFR 64.1200(c) National Do-Not-Call Registry –**

15 | **Class III)**

16 |      11.1   Plaintiffs reallege and incorporate by reference each and every

17 | allegation set forth in the preceding paragraphs.

18 |      11.2   The foregoing acts and omissions of Defendants and/or their

19 | affiliates, agents and/or other persons or entities acting on Defendants' behalf

20 | constitute numerous and multiple negligent violations of 47 CFR 64.1200(c).

21 |      11.3   As a result of Defendants' and/or their affiliates, agents and/or other

22 | persons or entities acting on Defendants' behalf's negligent violations of 47 CFR

23 | 64.1200(c), Plaintiffs and members of Class III are entitled to an award of $500 in

24 | statutory damages for each and every call in violation of the regulation, pursuant

25 | to 47 U.S.C. § 227(c)(5)(B).

26 |

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1    11.4   Plaintiffs and members of Class III are also entitled to and do seek

2  injunctive relief prohibiting Defendants and/or their agents, affiliates, and/or other

3  persons or entities acting on Defendants' behalf from violating 47 CFR

4  64.1200(c) in the future, pursuant to 47 U.S.C. § 227(c)(5)(A).

5               **XII.  SIXTH CLAIM FOR RELIEF**

6     **(Knowing and/or Willful Violations ViolationS of 47 CFR 64.1200(c)**

7           **National Do-Not-Call Registry – Class III)**

8    12.1   Plaintiffs reallege and incorporate by reference each and every

9  allegation set forth in the preceding paragraphs.

10    12.2   The foregoing acts and omissions of Defendants and/or their

11  affiliates, agents and/or other persons or entities acting on Defendants' behalf

12  constitute numerous and multiple knowing and/or willful violations of 47 CFR

13  64.1200(c).

14    12.3   As a result of Defendants' and/or their affiliates, agents and/or other

15  persons or entities acting on Defendants' behalf's knowing and/or willful

16  violations of 47 CFR 64.1200(c), Plaintiffs and members of Class III are entitled

17  to an award of treble damages of up to $1,500 for each and every call in violation

18  of the regulation, pursuant to 47 U.S.C. § 227(c)(5).

19    12.4   Plaintiffs and members of Class III are also entitled to and do seek

20  injunctive relief prohibiting Defendants and/or their agents, affiliates, and/or other

21  persons or entities acting on Defendants' behalf from violating 47 CFR

22  64.1200(c) in the future, pursuant to 47 U.S.C. § 227(c)(5)(A).

23               **XIII.  PRAYER FOR RELIEF**

24    WHEREFORE, Plaintiffs, on their own behalf and on behalf of the

25  members of the Classes, pray for judgment against Defendants as follows:

26    A.     Certification of the proposed Classes;

FIRST AMENDED CLASS ACTION COMPLAINT
FOR DAMAGES AND INJUNCTIVE RELIEF - 17

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1       B.     Appoint Plaintiffs as representatives of the Classes;

2       C.     Appoint the undersigned counsel as counsel for the Classes;

3       D.     Declare that Defendants and/or their affiliates, agents and/or other

4 related entities' actions complained of herein violate the TCPA;

5       E.     Enjoin Defendants and/or their affiliates, agents and/or other related

6 entities, as provided by law, from engaging in the unlawful conduct set forth

7 herein;

8       F.     Award Plaintiffs and the Classes statutory, compensatory and

9 exemplary damages, as allowed by law;

10       G.     Award Plaintiffs and the Classes attorneys' fees and costs, as

11 allowed by law and/or equity;

12       H.     Permit Plaintiffs and the Class leave to amend the Complaint to

13 conform to the evidence presented at trial;

14       I.     A trial by jury on all issues so triable; and

15       J.     Grant such other and further relief as the Court deems necessary,

16 just, and proper.

17

18

19

20

21

22

23

24

25

26

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington 98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com

1      RESPECTFULLY SUBMITTED AND DATED this 2nd day of May,

2 2013.

3

4                   TERRELL MARSHALL DAUDT
                  & WILLIE PLLC

5

6                   By

7                   Beth E. Terrell, CSB #178181
                  Email: bterrell@tmdwlaw.com

8                   Michael D. Daudt, CSB #161575
                  Email:  mdaudt@tmdwlaw.com

9                   936 North 34th Street, Suite 400

10                  Seattle, Washington  98103-8869
                  Telephone:  (206) 816-6603

11                  Facsimile:  (206) 350-3528

12

13                   KREINDLER & KREINDLER
                  Gretchen M. Nelson, CSB #112566

14                  Email:  gnelson@kreindler.com

15                  707 Wilshire Boulevard, Suite 4100
                  Los Angeles, California  90017

16                  Telephone:  (213) 622-6469

17                  Facsimile:  (213) 622-6019

18

19                   LAW OFFICES OF STEFAN COLEMAN, PLLC
                  Stefan Coleman [Pro Hac Vice Motion to be

20                  Filed]

21                  Email: law@stefancoleman.com
                  201 S Biscayne Blvd, 28th Floor

22                  Miami, Florida 33131

23                  Telephone: (877) 333-9427

24

25                   *Attorneys for Plaintiffs and the Classes*

26

TERRELL MARSHALL DAUDT & WILLIE PLLC
936 North 34th Street, Suite 400
Seattle, Washington  98103-8869
TEL. 206.816.6603 • FAX 206.350.3528
www.tmdwlaw.com